Case No. 22-1650, United States of America v. Deaunta Belcher. Argument is not to exceed 15 minutes per side. Mr. Desi for the appellant. Good morning, Your Honors. May it please the Court, Michael Desi on behalf of the defendant, Deaunta Belcher. Your Honors, I would like to reserve four minutes for rebuttal. Good morning also to Court staff and to the University. It's a little different being in here. I'm so close to Your Honors. It makes me a little more nervous, I guess, to be this close. In any event, Your Honors, we're here this morning on my defendant's appeal, his direct appeal, challenging his convictions and his mandatory life sentence for murder for hire, as well as some other counts, including a drug trafficking-causing death count. I think the arguments are fairly straightforward, at least on the facts. What we do know, and the government concedes that, they failed to charge a necessary element of the statute, which was the death results part of the murder for hire statute. So what does that mean? Well, the murder for hire statute lists alternative penalties, and we know from the Supreme Court in Mathis and other cases that when a statute lists alternative penalties, the government has to charge whatever the factual basis is to invoke those alternative penalties or an enhanced penalty. So in this instance, the government did not charge the death results element of the statute. And that's important. Your client did not, via his lawyer, object to this. That's correct. It wasn't objected, so this is being reviewed for plain error. I agree with that. So I think where we part ways with the government in my position is we know that the government didn't charge this element of the statute, and so the question then becomes whether he's entitled to relief as a constructive amendment, or in the government's position, they argue it as an apprendee violation. And I want to make clear I'm arguing this from the perspective of a constructive amendment, not just the apprendee violation, because there is a distinction in this circuit. And if the court determines that the government's failure to charge that element of the statute is a constructive amendment, then the court has to presume it's prejudicial. So why is that important? Because I see your honor has a question. The United States v. Cotton case from the Supreme Court, why isn't that on all fours, which would suggest under the plain error doctrine you would go to step four and say was there a substantial unfairness here? Sure. So I don't believe that Cotton is on all fours. The rule in Cotton, and there's other cases from this court that have applied the Cotton rule, in Cotton, the Supreme Court said that essentially the court doesn't have to take notice of that forfeited claim for the omission of an element that was not charged if that element was both supported by overwhelming evidence and that it was uncontroverted. So in Cotton, what wasn't charged was the drug quantity, and the parties weren't disputing the drug quantity. So clearly in Cotton, that element that was omitted from the charging document was uncontroverted. In this case, the death results was far from uncontroverted. My client had argued and defended this at trial basically on the factual basis that, look, I'm a drug dealer, I'm involved in drug transactions, but I did not have anything to do with the solicitation of his murder or setting up his murder. So why is that different? In Cotton, it was simply a drug quantity that everybody agreed, okay, yeah, that's the drug quantity, and there was no dispute about it. So the fact that the government didn't charge that element, the court found that it was uncontroverted. My defendant certainly contested that element of death results. And on this point, this is important because there was another count in the indictment. That's the drug trafficking count causing death. So the government said, well, what difference does it make because we charge death results in this other count, the drug trafficking count? But, Your Honors, the problem with that is there's no causation. There has to be a causation that ties the death results to the particular underlying conduct. It's certainly reasonable to think as a hypothetical that the defendant could have talked to one of the co-defendants and they said, okay, yeah, are you going to hit this guy, you're going to murder this guy, you're going to shoot this guy? And maybe one of them said, oh, I don't know, I don't want to do it, I don't want to do it. And then the co-defendant went and shot the victim. And that would remove the possibility of having the causation on the murder-for-hire count. That's why I don't think you can simply slide the one over to the other count. The fact that he was charged with death. Is it not also a notice question? Isn't that part of the underlying claim? Is that he had to understand, the defendant had to understand what he was being charged with and what the possible penalty was. So, let's say I agree with you on the first three. This is per se prejudicial. The fourth requirement to meet is that the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. And my concern is that the record is replete with evidence that Mr. Belcher knew that that was the claim against him. He acknowledged it, he signed an acknowledgement form. The government made clear in its filings that it intended to pursue the enhanced. And there were more occasions in court where he spoke about the life imprisonment based on this 1958 charge. So, help me, how can you get over the fourth requirement if your client knew everything that was charged against him and what was at stake? So, your honors, I'd have two points to respond to that. First, I would just draw the court's attention to this court's opinion in Hackett in which the court said a constructive amendment are never harmless error. And I believe that once the prejudice is presumed, I don't think he has to go a step further to prove how it would have affected the proceedings because I believe that Hackett has made clear that that is the prejudice. The prejudice arises from the fact that his Fifth Amendment rights have been violated by the fact that the grand jury did not pass on the indictment on that particular charge. So, that's part of it. Some accuracy to the grand jury portion of this. You can't get away from the standard that we're reviewing that requires fairness, integrity, and public reputation to be the issue. So, I'm struggling with how you're there if your client already knew. So, I briefed this. In my response brief, I pointed out the sequence of his arraignments and the fact that when he was initially charged, if the court recalls, when my client was initially charged, it was charged as a death penalty case. However, the government withdrew the notice of death penalty. And when he was arraigned, his lawyer made a comment saying that the language referring to death results was simply a repetition of the statute. So, I think that there was at least some confusion from that particular record of the arraignment as to what was being referred to when his lawyer made those statements because it could have also referred to the death results from the drug trafficking count. Now, I understand it's less than clear, but I don't think that it is clear enough for the court to find that that is not prejudicial under these circumstances given that the government didn't charge it. So, that would be how I would respond to the fact that the arraignment and the statements that were made at the arraignment from his lawyer, I certainly think it's not entirely clear what was being referred to as the penalty versus the one statute, the death results from the drug trafficking count versus the other murder for hire charge. But beyond that, I do believe that that inquiry does take somewhat of a backseat to Hackett's holding that it's never harmless when the government does not charge a particular element of a crime, and then they go on at trial and they present evidence of that particular element. So, I believe the government's essentially asking this court to back away from its line of cases holding that constructive amendments are per se prejudicial. And in the government's brief, they say, well, a lot of the sister circuits have held that apprendee errors are not structural. But, and then I think it's from what I understand the government's arguing, they say, well, therefore, the court shouldn't presume prejudice, but that is the law in the circuit on the constructive amendments. Would that be the problem then, the standard of review here in this case? I mean, it could go to the standard of review, Your Honor. Yes, it's certainly tied into it. And as Your Honors probably are aware, the case law in the circuit has been somewhat scattered on how we treat these constructive amendments versus variances. And there's been several panels that have noted how the law in this area of constructive amendments have been somewhat fuzzy. But from my perspective, the government is asking the court to simply sidestep those prior precedents in favor of a more general rule that says that the apprendee violations cannot be structural or they're not structural, and therefore, you cannot find any prejudice arising from that, whereas this court has specifically held that constructive amendments are per se. And prejudicial and, quote, never harmless, as the court mentioned in Hackett. Before my time... Hackett after the Cotton case or before? Hackett was decided in 2014 and... 2002, so Hackett is presumably finding itself... Yes, that's correct. And I see I only have a minute left, but before my time runs out, I just want to touch very briefly on the other issue of my prejudicial variance on the obstruction charge. And I think that argument is fairly straightforward. The government made certain factual allegations in the indictment to support the charge of obstruction, and none of those allegations met the federal nexus. And at trial, when there was a motion for directed verdict at the close of proofs, the court asked the government, well, how does his statements to these detectives, how does that meet the federal nexus standard? And then the government said, well, it's because of these other things, because he made these statements about a DEA agent or he was a DEA informant. But those are not charged in the indictment. So that goes to the argument on that's a prejudicial variance, because essentially it's my position the government pivoted its factual argument to support that charge on the obstruction. I do see that my time's up. So unless your honors have any questions for me, I'll reserve my time for rebuttal. Thank you. Thank you. May it please the court, Jessica Curry for the United States. This court should affirm the murder for hire conviction under plain error review. The question is, should a convicted murderer who knew he faced life in prison if convicted, be relieved from that sentence based on a defect in the indictment that he never objected to? Under controlling authority, the answer is no. The law does not provide a remedy. The plain error analysis is shortened here because the government has conceded the first and second prongs. The best way to resolve this appeal is under the fourth prong because it involves a straightforward application of cotton and avoids the need to grapple with whether to presume prejudice for purposes of the third prong. Under cotton, a forfeited apprendi error like this one does not affect the fairness, integrity, or reputation of judicial proceedings, the fourth prong, if evidence of the omitted element was overwhelming and essentially uncontroverted. Your opponent is challenging you on many grounds of what you're saying. First, saying it's not an apprendi error. And secondly, saying it's not undisputed. So, if you can elaborate. I believe that the defendant, he's not arguing that this isn't an apprendi error. He's arguing that it's also a constructive amendment. That's how we should be evaluating. Correct. That's his argument. But even assuming a presumption of prejudice under the third prong, under Hackett, that doesn't address the fourth prong, which is cotton. This is an unpreserved claim. This isn't like Hackett at all, which was a preserved claim. The only question there was showing a prejudice. He has to show both prejudice and an effect on the fairness, integrity of the judicial proceedings. And he can't do that fourth prong. And again, he doesn't contest that cotton applies either. The defense only contests whether that standard in cotton was met here. Whether the evidence of the omitted element was overwhelming and essentially uncontroverted. In this case, the verdict essentially does the work for us. We know that the jury found the omitted death results element beyond a reasonable doubt. The highest standard under the law. This is not a situation. It doesn't go to whether it's uncontroverted, does it? I believe it does, because. I heard your opponent to be saying that he didn't admit that in any way that he knew that death would result. And he wasn't involved, perhaps, in that. I disagree with what his theory of the defense was. He did dispute that he was part of this murder plot. But he never disputed that the murder plot existed or that death, in fact, resulted from the murder plot. And this was from start to finish in his presentation at trial. In opening, this is a quote. We know that Bailey Brown and Chambers were involved in the killing of Wallace. The issue in this case with respect to Belcher is whether he had anything to do with it. And in closing, he's even more strident with this limited defense theory. Quote, let's start with what we know, because even the untrustworthy people admit it. We know that Chambers, Brown, and Bailey were involved in the murder of Wallace. I mean, these people have pled guilty to murder for hire. It's not a whodunit when it comes to them. The issue is can the government prove beyond a reasonable doubt that Belcher was part of their conspiracy? So it was a limited defense strategy, and that was a sensible strategy to take because the evidence of this murder plot and the fact that it resulted in Wallace's death was overwhelming. I also think that the verdict itself answers the question in cotton. We don't have to question the strength of the evidence or how the jury would have resolved a dispute on the omitted element because it found it beyond a reasonable doubt. So this case is better than cotton. Mr. Belcher's grand jury rights. I didn't hear you. Mr. Belcher's grand jury rights, because indictment and superseding indictment are about the rights of the defendant to be told what charges are being brought against that defendant. And it was clearly, I'm assuming the first three categories are methods. It's a prejudicial error. It is. And so then the question becomes what about the rights that a defendant has at the grand jury level? We've talked very briefly about that. Perhaps he heard things at trial. Perhaps we've got a problem because this is plain error. But what about the rights of a defendant to have the grand jury rights of a defendant? He has that right. And we've conceded that there was a violation of the Fifth Amendment. That only gets you to there being an error that was plain. It does not answer whether it was prejudicial. And the Supreme Court time and again says constitutional errors are not necessarily harmful. And I think it's important to consider the big picture here, the high bar that the Supreme Court has set for when an omitted element, whether in the grand jury or even at trial, can ever be reversible plain error. So starting with Johnson, that's the foundation for the Cotton decision. A required element of materiality wasn't presented to or found by the trial jury. That was not reversible plain error. Then in Cotton, the omitted element of drug quantity, it wasn't found by the grand jury or by the trial jury. The difference in that element, that sentence-enhancing fact, was a difference between a maximum of 20 years or up to life. And some of the defendants there got life in prison. That was not reversible plain error. In Greer, the omitted element was the mens rea for the crime. It wasn't found by the grand jury. That omitted element was not found by the trial jury. That was not reversible plain error. It would make no sense for there to be reversible plain error here where the omission was limited to the indictment, the jury was properly instructed at trial, and it found the omitted element beyond a reasonable doubt. In fact, borrowing from Cotton's logic, it is granting relief that would affect the fairness, integrity, or reputation of proceedings. A jury convicted Belcher of murder, premeditated murder. He should not have his life sentence reduced by several decades based on a defect in the indictment that he never objected to and when he was fully aware of the penalties that he faces. And that brings me to the third prong, prejudice. Belcher's position depends on there being a constructive amendment because he needs a presumption of prejudice. He does not even argue actual prejudice because he knew the penalties he faced and his trial strategy was not impacted. And we know under Sixth Circuit law, I don't need to turn to other circuits, we know under Sixth Circuit law that this type of apprendi error is not a constructive amendment, and that authority is Yancey. It's a 2013 case. It's published. It comes before Hackett. So in the event of a conflict between those two, Yancey applies. I don't think there is a conflict between those cases because I think that Hackett is distinguishable. And I want to get to that in just one second. The Yancey rule is that when you have an apprendi error with respect to the indictment only and there's no apprendi error with respect to the conviction, there's no constructive amendment. It's also important to note that Yancey was an unpreserved apprendi error like this one. And so they analyzed that question the ordinary way that you look to for prejudice. And the question was, you know, was the defendant on notice of the penalties he faced or was he confused about them? Here we know that Belcher knew the penalties he faced. And was there substantial correspondence between the indictment and the proofs and jury instructions? And here we do have substantial compliance in part because of that count three and because the government's theory of the case never changed. Hackett is distinguishable. It involved a preserved apprendi error. That error was both in the indictment and it occurred at trial as well. The first time that the defendant in Hackett was ever put on notice that he faced 10 years in prison for discharging a firearm was in the presentence report. And he timely objected at that time. So my interpretation of Hackett is that if an element is neither alleged in the indictment nor found by the jury, and an enhanced penalty is imposed based on that omitted element over objection, then that is a constructive amendment under Sixth Circuit law. If this court disagrees that Hackett is distinguishable, well, then it's in conflict with Yancey and the earlier decision controls. And even if Hackett applies and this court were to apply a presumption for purposes of the third prong, that would still not answer the cotton question, which is whether he can show an effect on the fairness, integrity or reputation of judicial proceedings. And he cannot do that. That's the other issue, the variance question. Yes, there was no pivoting of the government's theory with respect to count for either. There are two parts of the obstruction conviction. You've got the misleading conduct and on the one hand, and then the nexus requirement on the other. So there were three allegations in the indictment that were the lies that Belcher made during his police interview. Those were the only misleading conduct. Those are the only allegations the government ever relied on for misleading conduct. The government also had to show that there was a possibility at the time that Belcher made those lies, that the lies would then be passed on to federal authorities. And to do that, the government pointed out that Belcher planted a cover story at the scene of the murder. He suggested that the victim was actually killed because he was cooperating in a federal investigation involving the DEA, a federal agency. So given that backstory, when he made the lies during his police interview, there certainly was a possibility that they would be transferred to federal authorities. The standard for the federal nexus is not demanding. It's not a specific intent. He doesn't have to intend for his lies to go to federal authorities. They don't even actually have to go to federal authorities. There just needs to exist at the time the possibility that the lies would be passed on to federal authorities in connection with a federal investigation. Under Carson, the wording, I believe, is a possibility. Yeah, under the Carson decisions in 2009, I believe the court refers to a possibility, whether it's a likelihood or a possibility. Either way, that was true here. Belcher had committed a federal crime, murder for hire. In fact, the thing that he was lying about in his police interview was with respect to the phone. He was suggesting, I don't know. I wasn't calling Brown. They were asking him about Brown's contact number, and he denied knowing about it. Here, the facility of interstate commerce that even made this a federal crime was the phone. So he's lying about the phone after having committed a federal crime using a phone, and therefore, there was a likelihood or a possibility that his lies would be transferred to federal agents. There was also... I believe when the underlying crime that you're obstructing is federal, I think that that's going to usually be the case. Now, if you're lying to local authorities about an assault, something like that, I think then there may not exist a... Hypothetically, thinking about any drug crimes are federally prosecutable, prosecutable under state law. So would any misleading statement be then able to be utilized under this particular provision in the federal prosecution? Yes, I think you still asked the questions. So I think it's still a case-by-case analysis, but in my view, that would be... The answer would be yes in that situation. If you're obstructing a drug crime that is prosecutable in federal court, then there is a reasonable possibility at the time you make those lies that they will be passed along to federal agents in the course of investigating a possible federal crime. In addition, in closing, to the extent that the jury might have been confused about which lies were being relied on for the misleading conduct and which lies were being used to establish the federal nexus, the government cleared that up. Page ID 3741 to 3742. It thoroughly explained what evidence was going to which element. There was also no prejudice here for that same reason. Unless the court has further questions, the government asks the court to affirm the judgment below. Thank you. Just have a couple quick points, Your Honors. I want to first address cotton. My sister counsel indicated that I wasn't opposing that cotton applies. I do oppose that cotton applies. It's on page four and five of my reply brief. And again, we're going to go back to this issue about uncontroverted. In cotton, the drug amount, the drug quantity amount was agreed upon. Nobody contested it. Again, that's not an instance where someone here is proceeding to trial saying, look, I'm a drug dealer. I was involved in drug transactions, but I didn't orchestrate the murder of this individual. That is contested. So I don't believe cotton applies. There clearly is some tension in the case law. We should admit it and acknowledge it between these constructive amendment line of cases and other cases that are like these Apprendi cases, which is why the government is arguing that, hey, a lot of the sister circuits have found that Apprendi violations are not structural. So your opponent argued that this Yancey case controls as opposed to Hackett, which you were in response. I'll tell you why Yancey doesn't apply. Yancey was a plea. The defendant pled. He admitted the factual basis. In Yancey, the government failed to charge the element of brandishing. Remember, we had all those cases with the brandishing years ago before, Eileen, and all the cases with brandishing were always a problem. The government didn't plead brandishing in Yancey, but he pled. The defendant pled, and he admitted the brandishing. So, of course, that's not a controverted. If you take a plea and you admit that as the factual basis, then obviously then it's not controverted, which is why that would have been governed by cotton, but not us. We're not in that boat. So Yancey was decided in 2013. Hackett was in 2014. There's no tension between those cases because Yancey was a plea. So, again, we're really back to the government is just contesting this circuit's case law as far as presumed prejudice on the constructive amendments and wanting to treat it like an Apprendi. That's how I see it. I want to talk about the variance real quick. The Budd case from this court, United States v. Budd, quote, once an indictment presents a factual basis for an element of a crime, the prosecution may not rest its proof of that element of the crime at trial on other facts. That's exactly what they did on that obstruction charge. He argues that they used the same initial fact. Yes. Your response to that. The statute has different elements, one for misleading and one for the federal nexus. So two ways to look at it. Their indictment doesn't contain any facts as to the federal nexus. It only says you made these misstatements to these detectives. They then pivoted the theory at trial and said, oh, when Judge Cohn asked them, how do you get the federal nexus? Well, because he made these statements to cover up. That's not in the indictment. It's not in the indictment. So that is a prejudicial variance because they then relied on these other facts. And the defendant didn't have any burden. He didn't need to do anything. He could have read the indictment and said, well, those facts that they allege, those facts do not satisfy the federal nexus standard. So I understand the government says, well, we then relied on the cover-up to satisfy the nexus. But the nexus is part of the statute. That also has to be charged, just like the misleading comments has to be charged. And the indictment has no reference whatsoever to those facts that they then later relied upon at trial to meet the federal nexus. Unless your honors have any questions for me, I'll rest on my briefs. I think that both of those defects in the indictment should result in a reversal of his conviction on both counts one and four. And are the remaining counts valid then? Yes.  Thank you both for your argument. And Mr. Desi, I see that you're appointed pursuant to the Criminal Justice Act. And we thank you for your representation of your client in the service of justice. Thank you both. The case will be submitted and the clerk may call the next case.